376 So.2d 862 (1979)
STATE of Florida, Appellant,
v.
William RIKER, Appellee.
No. 53780.
Supreme Court of Florida.
November 1, 1979.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Craig C. Villanti, New Port Richey, for appellee.
BOYD, Justice.
This cause is before the Court on appeal from a final decree of the County Court of Pasco County. The appellee was informed against for the crime of child abuse in violation of section 827.04(2), Florida Statutes (1977). The county court on motion of the defendant dismissed the information, expressly holding section 827.04(2) unconstitutional. The state appeals and this Court has jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Section 827.04(2), Florida Statutes (1977), provides:
Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits physical or medical injury to the child, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The trial court held the statute unconstitutional on the ground of vagueness. Specifically, the court said that the words "necessary clothing," "necessary shelter," "necessary medical treatment," and "mental injury" are so vague as not to be understood by persons of ordinary intelligence.
The appellant contends that the trial court erred. First we consider the statutory words "necessary ... clothing, shelter, or medical treatment." The sufficiency of this statutory language to give notice of the conduct proscribed should be considered in the context of the purposes of the statute, and when so considered, is adequate. State v. Joyce, 361 So.2d 406 (Fla. 1978); Campbell v. State, 240 So.2d 298 (Fla. 1970).
*863 The court also said that the words "mental injury" are vague. In State v. Joyce, we had for consideration the constitutionality of the predecessor to the statute before us now. Section 827.04(2), Florida Statutes (1975), provided:
Whoever, willfully, or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits the physical or mental health of the child to be materially endangered, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
As indicated above, we held the words "necessary food, clothing, shelter or medical treatment" to be adequate and constitutional. We also held that the statutory language referring to material endangerment of the mental or physical health of a child was sufficient to inform persons of common understanding of the proscribed conduct.
The language of the second independent clause in section 827.04(2), however, has been changed since the time of our decision in State v. Joyce. Ch. 77-429, § 1, Laws of Fla. Instead of referring to material endangerment of mental or physical health, the statute now seeks to punish one who, knowingly or by culpable negligence, permits physical or mental injury to the child. The language of this subsection as it reads now is simpler, more straightforward, and more readily understood by persons of common intelligence, than the "material endangerment" language upheld in State v. Joyce. We hold that it is not impermissibly vague.
The trial court erred in holding section 827.04(2) void for vagueness. The order appealed is reversed and the cause remanded for further proceedings.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.