652 So.2d 1159 (1995)
STATE of Florida, Appellant,
v.
David F. BLEY, Appellee.
No. 94-00977.
District Court of Appeal of Florida, Second District.
March 1, 1995.
Rehearing Denied April 12, 1995.
*1160 Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
A.R. Mander, III, Greenfelder, Mander, Hanson, Murphy & Dwyer, Dade City, for appellee.
SCHOONOVER, Acting Chief Judge.
The State of Florida appeals an order which found that section 827.04(2), Florida Statutes (1993), was unconstitutional. We reverse.
The appellee, David F. Bley, was charged in the County Court of Pasco County with child abuse, a first degree misdemeanor, in violation of section 827.04(2). He filed a motion to dismiss the information which had been filed against him on the ground that section 827.04(2) was unconstitutional. The trial court granted the appellee's motion and dismissed the charge. The state filed a timely notice of appeal from the trial court's order.
Because the county court found the statute unconstitutional, we have jurisdiction to review the order. Art. V, § 4(b)(1), Fla. Const.; § 26.02(1), Fla. Stat. (1993); Fla. R.App.P. 9.030(b)(1)(a).
Section 827.04(2) provides:
Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, inflicts or permits the infliction of physical or mental injury to the child, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
The information in this case alleged that the appellee did knowingly or by culpable negligence inflict or permit infliction of physical or mental injury to a child by striking, pinching, and pulling her hair.
The appellee filed a motion to dismiss the information on the grounds that section 827.04(2) was unconstitutional because it was vague and overbroad in that it failed to define a criminal offense with sufficient definiteness to allow an ordinary person to understand what conduct is prohibited and it violated the appellee's due process rights. The appellee also alleged the statute impinged on the appellee's right to privacy and his right to raise and reasonably discipline his children without unreasonable interference from the state.
The trial court held that section 827.04(2) was unconstitutional because the term "physical injury" was vague and overbroad in that it did not inform a person of common understanding what conduct is proscribed, and it subjects parents to criminal prosecution for the lawful use of corporal punishment.
Although the trial court found that the statute was vague and overbroad because it did not contain a definition of "physical injury," a challenge of the statute on the grounds of overbreadth is not proper in this case. Overbreadth and vagueness doctrines are separate and distinct. The overbreadth doctrine applies only if the challenged legislation is directed to conduct protected by the First Amendment. Southeastern Fisheries Ass'n, Inc. v. Dep't of Natural Resources, 453 So.2d 1351 (Fla. 1984). Since the child abuse statute under consideration does not *1161 involve conduct protected by the First Amendment, the overbreadth doctrine is not applicable in this case.
We agree that the doctrine of vagueness was properly considered by the trial court. We disagree, however, with appellee's contention that the court properly found the statute void because of this doctrine. We, instead, hold that the statute is not impermissibly vague and, therefore, reverse for further proceedings. See State v. Riker, 376 So.2d 862 (Fla. 1979). See also Southeastern Fisheries, 453 So.2d at 1351.
A statute is vague if it fails to give adequate notice of what conduct is prohibited and which, because of its imprecision, may also invite arbitrary and discriminatory enforcement. Southeastern Fisheries, 453 So.2d at 1353. In determining whether a statute is vague, courts must use common sense and reason, and where the statute does not specifically define words of common usage, those words must be given their plain and ordinary meaning. Id. In this case we are asked to consider the meaning of "physical injury" as that term is used in section 827.04(2). The supreme court in Riker, 376 So.2d at 862, addressed the identical section that the appellee is charged with violating. Although the precise issue in Riker involved the term "mental injury" and the provisions dealing with material endangerment, the court found that the language of the statute making it a crime to knowingly or by culpable negligence permit "physical or mental injury" to a child was not impermissibly vague. Riker, 376 So.2d at 863. Based upon that decision, and applying the principles set forth above, we also find that the section is not impermissibly vague even though the focus of our consideration is on physical rather than mental injury. See also Keser v. Wyoming, 706 P.2d 263 (Wyo. 1985) (the court, citing Riker, upheld Wyoming's child abuse statute and said, among other things, that the term "physical injury" was not so esoteric as to be unintelligible to the average person and was not so vague as to be unconstitutional).
Reversed and remanded for further proceedings consistent herewith.
PATTERSON and BLUE, JJ., concur.