PER CURIAM.
K.B.S., a juvenile, challenges the trial court’s order finding that she committed the delinquent act of child abuse, a third degree felony. We affirm the order of the trial court and write only-to express our concern that the legislature did not place an age-based restriction on these types of prosecutions.
The petition for delinquency alleged that K.B.S. violated section 827.03(1), Florida Statutes (Supp.1996), in that she knowingly or willfully abused a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child. The evidence at trial showed that K.B.S., a fourteen-year-old juvenile, intentionally burned the victim, who was nine years old at the time, with a lighted cigarette. Intentional infliction of a physical or mental injury upon a child is included in the definition of child abuse under section 827.03(l)(a). The statute states that “[a] person who knowingly or willfully abuses a child ... commits a felony of the third degree.” This would allow the State to prosecute a person of any age for the offense of child abuse if the victim were under age eighteen. Here, the State chose to prosecute a fourteen-year-old for acts committed against a nine-year-old. However, the State could, under the statute, prosecute a nine-year-old (or younger) for child abuse if he or she intentionally inflicted a mental or physical injury upon a fourteen-year-old. This would appear to us to be an unintended result, and the legislature may well wish to review this issue.
Affirmed.
PARKER, C.J., and WHATLEY, J., and DANAHY, PAUL W., (Senior) Judge, Concur.