HAZOURI, J.
The state appeals from the trial court’s order granting Elizabeth McDeavitt’s motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) in which it found that section 827.03(l)(b), Florida Statutes (1997),[1] was unconstitutional because it was overbroad and void for vagueness.
McDeavitt was charged in a six-count information with various acts of child abuse pursuant to section 827.03(l)(b). Five counts of the information dealt with child abuse upon a juvenile identified as P.L.G. and the remaining count dealt with child abuse upon a juvenile identified as J.M. McDeavitt was employed at the time *1087 of the incidents as a teacher for physically and mentally disabled students in the Okeechobee School District at Okeechobee High School. In April of 1998, McDeavitt told P.L.G. to leave all items on his desk alone. Apparently, P.L.G. had been known to place items in his mouth. When P.L.G. failed to comply with this instruction, McDeavitt proceeded to hit the back of P.L.G.’s hand three or four times with a stapler which left red marks. In May of 1998, McDeavitt again had an incident with P.L.G. wherein she pulled his head back and struck his chest when he was again placing items into his mouth. Additionally, on September 9, 1998, McDeavitt grabbed the juvenile known as J.M. by the arm and shoved him in the line at the school cafeteria.
Prior to trial, McDeavitt moved to dismiss the information asserting that section 827.03(l)(b) was unconstitutional. The trial court conducted a hearing on the motion and declared that the subject statute was unconstitutionally overbroad and vague. This court has recently considered the constitutionality of section 827.03(1)(b) in State v. Dufresne, Case No. 4D99-1375, — So.2d-, 2001 WL 55921 (Fla. 4th DCA Jan. 24, 2001). This court held that the statute is not unconstitutional as being overbroad and that the term “mental injury” as used in section 827.03 is not vague because it is defined in section 39.0015(4)(iv), Florida Statutes (1998). See State v. Fuchs, 769 So.2d 1006 (Fla.2000).
Pursuant to Fuchs and Dujresne, section 827.03 is not vague and the trial court erred in dismissing the charges. We reverse and remand for further proceedings. We also certify, as we did in Dujresne, the following question as one of great public importance:
IS THE TERM “MENTAL INJURY” IN SECTION 827.03(l)(b), FLORIDA STATUTES (1996), UNCONSTITUTIONAL BECAUSE IT IS VAGUE?
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
KLEIN and STEVENSON, JJ„ concur.

. Section 827.03(1), Florida Statutes (1997), provides:
Abuse, aggravated abuse, and neglect of a child; penalties
(1) “Child abuse” means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
(c)Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.
A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree,....