GRIFFIN, J.
The defendant below, Charles Durand [“Durand”], was charged by information with aggravated child abuse and neglect of a child. The- jury found him guilty of neglect of a child. § 827.03(3), Fla. Stat. (1999). He appeals, raising six issues. Only one merits discussion. Durand contends that there whs no evidence at trial that he was a “caregiver” to the victim, a necessary element of “neglect of a child.”
The victim, A.H., twelve years old at the time of trial, her father, Douglas Hardi-gree, and her younger brother, T.H., all moved into the Durand residence. For reasons in dispute at trial, A.H. was forced. for many months to spend the night on a lounge chair in the screened-i’n porch that surrounded the in-ground pool. Often, she was tied to the chair. A.H. testified that since she could not access the locked house, she had to relieve herself on the ground outside or in the chair. All of the adults, including Durand, at different times sent her to sleep outside.
If the weather was bad enough, A.H. was allowed to sleep indoors in a box built by Durand. She sometimes referred to it as the “coffin.” A.H. had to get in through an opening on top which was then covered with a screen and locked. A sheet was then placed over the box. A.H. could not get out of the box herself. Durand was one of the adults who would order A.H. to get into the box.
Durand contends that no evidence was presented to establish that he was a “caregiver” to A.H. The state responds that the sufficiency of the evidence on this point was not raised at the trial levél and is thus unpreserved.. Even if preserved, it appears the statute’s definition of “caregiver” is broad enough to include Durand. The word “caregiver” as it relates to child abuse, means “a parent, adult household member, or other person responsible for a *382 child’s welfare.” § 827.01(1), Fla. Stat. (1999). Given his position in the household and the evidence of his involvement in the supervision and direction of the child, we find no reversible error. See Leet v. State, 595 So.2d 959 (Fla. 2d DCA 1991); see also Durand v. State, 815 So.2d 756, (Fla. 5th DCA 2002). But c.f, Peterson v. State, 765 So.2d 861, 865 (Fla. 5th DCA 2000).
AFFIRMED.
SAWAYA and ORFINGER, R.B., JJ., concur.