826 So.2d 272 (2002)
Francis DUFRESNE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-246.
Supreme Court of Florida.
September 5, 2002.
*273 Michael Dubiner and Mark Wilensky of Dubiner & Wilensky, P.A., West Palm Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Celia Terenzio, Assistant Attorney General, Bureau Chief, West Palm Beach, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, FL, for Respondent.
ANSTEAD, C.J.
We have for review State v. DuFresne, 782 So.2d 888 (Fla. 4th DCA 2001), wherein the district court certified the following question to be of great public importance:
IS THE TERM "MENTAL INJURY" IN SECTION 827.03(1)(b), FLORIDA STATUTES (1996) UNCONSTITUTIONAL BECAUSE IT IS VAGUE?
Id. at 894. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified question in the negative.

PROCEDURE TO DATE
On August 25, 1997, the State filed an information charging petitioner, a public school teacher who works with autistic children, with five counts of child abuse involving different children, contrary to section 827.03(1), Florida Statutes (Supp. 1996). Section 827.03 provides:
(1) "Child abuse" means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child. *274 A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 827.03(1), Fla. Stat. (Supp.1996). Prior to trial, the State filed an amended information, wherein it changed the dates of the alleged incidents of abuse in order to bring the case within the effective date of the 1996 revisions to section 827.03(1). Thereafter, petitioner filed a motion to dismiss the amended information, arguing in part that section 827.03(1) was unconstitutionally overbroad and vague. Following a hearing on petitioner's motion to dismiss, the trial court entered an order finding the statute to be unconstitutional as being both overbroad and vague.
On appeal, in an initial opinion, the Fourth District held section 827.03(1)(b) was unconstitutionally vague because the term "mental injury" was not defined therein. The day after the district court filed its initial opinion, however, this Court issued its opinion in State v. Fuchs, 769 So.2d 1006 (Fla.2000), holding that section 827.04(1)(a), which failed to define the terms "delinquent," "dependent child," or "child in need of services," was not unconstitutionally vague. As a result, the district court withdrew its initial opinion and requested the parties to file supplemental briefs addressing Fuchs.
Thereafter, based upon its interpretation of Fuchs, the district court issued the opinion currently before this Court, and reversed the trial court's order finding section 827.03(1)(b) unconstitutionally overbroad and vague. See State v. DuFresne, 782 So.2d 888 (Fla. 4th DCA 2001). The district court first concluded that section 827.03(1)(b) is not overbroad since it can be narrowly construed as not applicable to speech. See id. at 891. Turning to the vagueness challenge, the district court, relying on Fuchs, held that the term "mental injury," as used in section 827.03(1)(b), is not unconstitutionally vague since the term is defined in section 39.01(44), Florida Statutes (Supp.1998). See id. at 894. The Fourth District, however, certified the above question as one of great public importance.[1]Id. at 894.

ANALYSIS
Petitioner maintains that section 827.03(1) is unconstitutionally vague since its language does not adequately inform persons of common intelligence of the proscribed conduct. Specifically, petitioner argues that section 827.03(1) is unconstitutionally vague because the term "mental injury" is not defined within the statute.
It is well established that where reasonably possible and consistent with constitutional rights, a statute will be interpreted by the courts in a manner that resolves all doubt in favor of its validity. See State v. Fuchs, 769 So.2d 1006, 1008 (Fla.2000); State v. Mitro, 700 So.2d 643, 645 (Fla.1997); State v. Wershow, 343 So.2d 605, 607 (Fla.1977). This Court has noted, however, that in a vagueness challenge, any doubt as to a statute's validity should be resolved in favor of the citizen and against the State. See State v. Brake, 796 So.2d 522, 527 (Fla.2001); Wershow, 343 So.2d at 608. This policy emanates from the concern that citizens should be put on reasonable notice of conduct proscribed by the State when the proscription utilizes criminal sanctions for its breach.
*275 Accordingly, in order to withstand a vagueness challenge, a statute must provide persons of common intelligence and understanding adequate notice of the proscribed conduct. See Fuchs, 769 So.2d at 1008; Mitro, 700 So.2d at 645. Additionally, the statute must define the offense in a manner that does not encourage arbitrary and discriminatory enforcement. See State v. Mark Marks, P.A., 698 So.2d 533, 537 (Fla.1997); Brown v. State, 629 So.2d 841, 842 (Fla.1994).
However, "[t]he legislature's failure to define a statutory term does not in and of itself render a penal provision unconstitutionally vague. In the absence of a statutory definition, resort may be had to case law or related statutory provisions which define the term ...." State v. Hagan, 387 So.2d 943, 945 (Fla.1980); see also Fuchs, 769 So.2d at 1009; Mitro, 700 So.2d at 645. Indeed, in cases where the exact meaning of a term was not defined in a statute itself, we have ascertained its meaning by reference to other statutory provisions, as well as case law or the plain and ordinary meaning of a word of common usage. See Brake, 796 So.2d at 528. Further, "[w]hile the legislature may direct that statutes be read in pari materia, the absence of such a directive does not bar construing two statutes in that manner." Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981, 988 (Fla. 1981), cited with approval in Holmes County School Bd. v. Duffell, 651 So.2d 1176, 1179 (Fla.1995).
Initially, we reject petitioner's argument that this case is controlled by Hermanson v. State, 604 So.2d 775 (Fla.1992). The issue before this Court in Hermanson was whether the spiritual treatment proviso contained within section 415.503(7)(f), Florida Statutes (1985), was a statutory defense to a criminal prosecution under section 827.04(1). Hermanson did not involve the issue of whether a statute was unconstitutionally vague because it failed to define a term. Rather, Hermanson concerned the ambiguity created by the authorization of a spiritual treatment accommodation provision in one statute and the declaration under another statute that the same conduct was criminal. Thus, Hermanson is distinguishable from the instant case.

Fuchs
In State v. Fuchs, 769 So.2d 1006 (Fla. 2000), we applied the principles of statutory construction discussed above in reviewing a decision declaring section 827.04(1)(a), Florida Statutes (1997), unconstitutionally vague. The defendant had been charged with violating section 827.04(1)(a), which makes it a misdemeanor to "[c]ommit any act which causes, tends to cause, encourages, or contributes to a child becoming a delinquent or dependent child or a child in need of services." § 827.04(1)(a), Fla. Stat. (1997). The defendant asserted that section 827.04(1)(a) was unconstitutionally vague because the statute did not define the terms "delinquent child," "dependent child," and "child in need of services." The county court agreed, but certified the following question to the Fifth District Court of Appeal as one of great public importance:
Whether Florida Statute 827.04(1)(a) is unconstitutionally vague in that the prohibited conduct, omissions and or standard of conduct of an accused is not defined and the statute fails to define the terms "delinquent," "dependent child," or "child in need of services."
Fuchs, 769 So.2d at 1008. The Fifth District answered the certified question in the affirmative, thereby finding section 827.04(1)(a) unconstitutional.
On review, this Court reversed, and reiterated that the Legislature's failure to define a term does not in and of itself render *276 a penal statute unconstitutionally vague and that statutes may be read together without there being a specific reference or directive within the language of either statute. See id. at 1009-10. Prior to 1996, section 827.04, Florida Statutes (1995), provided in pertinent part:
(3) Any person who commits any act which thereby causes or tends to cause or encourage any person under the age of 18 years to become a delinquent or dependent child or a child in need of services, as defined under the laws of Florida ... is guilty of a misdemeanor of the first degree....
(Emphasis added.) We concluded that the deletion of the phrase "as defined under the laws of Florida" from section 827.04 did not render the statute unconstitutionally vague because the terms at issue were defined in chapter 39 (Proceedings Relating to Children); chapter 984 (Children and Families in Need of Services); and chapter 985 (Delinquency; Interstate Compact on Juveniles) of the Florida Statutes. See id. at 1010.
In our analysis, we noted that because these chapters have similar underlying purposes (i.e., the general protection of children and corresponding parental, custodial, and guardianship responsibilities), the provisions should be read in proper relationship to one another. See id. Lastly, we recognized that "[t]here is only one place within Florida's legislative scheme where a child may be adjudicated delinquent (chapter 985), or dependent (chapter 39), or in need of services (chapter 984)," the very subjects of the statute in question. Id. at 1011. Accordingly, this Court concluded, "It is therefore apparent that although the phrase `as defined under the laws of Florida' was deleted from the challenged statutory provision, the Legislature clearly intended that the terms be defined by chapters 39, 984 and 985." Id.

Mental Injury
In essence, the issue to be decided here is the applicability and effect of our decision in Fuchs to the vagueness challenge to section 827.03(1)(b). In State v. Riker, 376 So.2d 862 (Fla.1979), this Court reviewed a trial court's decision expressly holding the 1977 version of the child abuse statute, section 827.04(2), unconstitutional.[2] On appeal, this Court held that the term "mental injury," as well as other provisions in the statute, was not void for vagueness. See id. at 863. In so doing, the Court stated, "The language of this subsection as it reads now is simpler, more straightforward, and more readily understood by persons of common intelligence, than the `material endangerment' language we upheld in State v. Joyce [, 361 So.2d 406 (Fla. 1978) ]. We hold that it is not impermissibly vague." Id.
In the decision below, the district court distinguished Riker on the grounds that the 1977 version of the statute contained a definition for the term mental injury:
"Mental injury" means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in his ability to function within his normal range of performance and behavior, with due regard to his culture.
§ 827.07(1)(i), Fla. Stat. (1977). Interestingly enough, however, in our Riker opinion, *277 this Court did not expressly rely on this definition in concluding that the term "mental injury" was not vague. Indeed, we did not even reference this statutory definition in Riker. Nevertheless, it is true that the definition was part of the 1977 statute.
Following our decision in Riker, the Legislature amended the child abuse statute, renumbering section 827.07 as sections 415.502-.514. See §§ 415.502-.514, Fla. Stat. (1983). As a result, the definition of "mental injury" set out above was relocated to section 415.503. See § 415.503(8), Fla. Stat. (1983). Importantly, the intent of sections 415.502-.514 remained the same as it had been in section 827.07, i.e., to provide comprehensive protective services for abused and neglected children. See § 415.502, Fla. Stat. (1983); § 827.07(1), Fla. Stat. (1981).
In 1998, the Legislature substantially amended chapter 415, part IV, entitled "Protective Services for Abused and Neglected Children" (§§ 415.502-.514). As a result, the majority of the provisions contained therein were renumbered to chapter 39, although several provisions, including section 415.503, were repealed. See generally ch. 98-403, § 20 Laws of Fla. However, at the same time, a definition of "mental injury," virtually identical to the definition previously found in sections 827.07 and 415.503, was incorporated into chapter 39. That definition provides:
"Mental injury" means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability to function within the normal range of performance and behavior.
§ 39.01(44), Fla. Stat. (Supp.1998); see also ch. 98-403, § 20, Laws of Fla. The definition for "mental injury" is currently located in section 39.01(43). See § 39.01(43), Fla. Stat. (2001). Hence, we must determine whether the relocation of the statutory definition of mental injury, first to section 415.503 and later to chapter 39, renders the criminal statute unconstitutionally vague.[3]
As noted above, the intent of sections 415.502-.514 was to provide comprehensive protective services for abused and neglected children. In furtherance thereof, the statutory scheme included provisions requiring the reporting of child abuse to the Department of Health and Rehabilitative Services. See § 415.504, Fla. Stat. (Supp. 1996). Further, section 415.505, providing for child protective investigations, required the department to notify the appropriate state attorney and law enforcement agency upon learning during the course of an investigation that a child received an observable injury or medically diagnosed internal injury as a result of child abuse or neglect.[4]See § 415.505(1)(f), Fla. Stat. (Supp.1996). As a result of the 1998 legislative amendments to chapter 415, section 415.504, requiring the reporting of child abuse, was renumbered (as amended) as section 39.201. See ch. 98-403, § 31, Laws of Florida. Although section 415.505 was repealed in 1998, provisions providing for protective investigations similar to those previously found in section 415.505 were incorporated into chapter 39.[5]See ch. 98-403, § 38, Laws of Florida.
Chapter 39 is a comprehensive chapter entitled "Proceedings Relating to Children," *278 and has as one of its chief purposes the protection of children, including the prevention of child abuse. See § 39.001(3)(a), Fla. Stat. (2001); see also § 39.001(6), Fla. Stat. (2001) ("The impact that abuse ... has on the victimized child, siblings, family structure, and inevitably on all citizens of the state has caused the Legislature to determine that the prevention of child abuse ... shall be a priority of this state."). In furtherance of this underlying purpose, chapter 39, part II, entitled "Reporting Child Abuse," includes provisions requiring the reporting of child abuse to the Department of Children and Families. See § 39.201-.206, Fla. Stat. (2001).
Additionally, section 39.301, which provides for the initiation of protective investigations by the Department of Children and Families, requires the department to immediately forward allegations of child abuse as defined in section 827.03 to the appropriate local law enforcement agency. See § 39.301(2), Fla. Stat. (2001). Section 39.306 further provides that the department shall enter into working agreements with the local law enforcement entities that will assume the lead in conducting any potential criminal investigations arising from allegations of child abuse. See § 39.306, Fla. Stat. (2001).
It is also apparent that the term "mental injury," as it applies to child abuse, has been used in a similar manner in section 415.503 and chapter 39, as well as chapter 827. For instance, as defined under section 827.01, "child abuse" includes intentional infliction of mental injury upon a child, as well as an intentional act that could reasonably be expected to result in mental injury to a child. "Abuse," as defined in chapter 39, includes any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's mental health to be significantly impaired. See § 39.01(2), Fla. Stat. (2001).[6] Relatedly, "harm," as defined in section 39.01(30), can occur to a child's health or welfare when any person "[i]nflicts or allows to be inflicted upon the child physical, mental, or emotional injury." The term "harm" was similarly defined in section 415.503. See § 415.503(9), Fla. Stat. (Supp.1996).
As we believe the above discussion demonstrates, the child protective provisions previously located in sections 415.502-.514 and now located in chapter 39, and the criminal provisions enumerated in section 827.03 are plainly interrelated. Moreover, the fact that these statutes have essentially the same underlying purpose, i.e., the protection of children, lends further support to our conclusion that, as in Fuchs, these provisions should be read in proper relation to one another. Furthermore, we note, the definition of "mental injury" now found in chapter 39 is a limiting definition, as opposed to a broad definition, which benefits the defendant. Thus, mental injury, as defined, will be present only in limited circumstances, thereby discouraging arbitrary and discriminatory enforcement. Accordingly, pursuant to the analytical framework set forth in Fuchs, we conclude that the district court properly held that the challenged statute is not unconstitutionally vague because the term *279 "mental injury" is adequately defined in another related statute. Chapter 39, as well as the provisions previously located in chapter 415, part IV, is sufficiently related to child abuse to put a citizen on notice that its provisions may be related to the child abuse provisions of section 827.03. While it may obviously be preferable for the Legislature to place the appropriate definition in the same statute, citizens should be on notice that controlling definitions may be contained in other related statutes.

CONCLUSION
For the reasons set forth above, we hold that the term "mental injury" in section 827.03 is not unconstitutionally vague. Although section 827.03(1) "may not be `a paradigm of legislative drafting,' well settled principles of statutory construction adequately respond to the alleged vagueness challenge." Fuchs, 769 So.2d at 1011. Accordingly, we approve the Fourth District's decision and answer the certified question in the negative.
It is so ordered.
SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
NOTES
[1] The Fourth District has since recertified the same question to this Court. See State v. McDeavitt, 776 So.2d 1086, 1087 (Fla. 4th DCA 2001).
[2] Section 827.04(2), Florida Statutes (1977), provided:

Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits physical or mental injury to the child, shall be guilty of a misdemeanor of the first degree ....
§ 827.04(2), Fla. Stat. (1977) (emphasis added).
[3] We note that at the time petitioner allegedly committed the charged offense, the definition for "mental injury" was located in section 415.503. See § 415.503(11), Fla. Stat. (Supp. 1996).
[4] The provisions in sections 415.504-.505 were similar to those previously located in section 827.07. See § 827.07, Fla. Stat. (1981).
[5] It should be noted that subsequent to the 1998 legislative amendments, chapter 415 no longer contained any provisions relating to protective services for abused and neglected children. Rather, since 1998, chapter 415 has solely dealt with adult protective services, i.e., the protection of disabled adults or elderly persons from abuse, neglect, and exploitation. See §§ 415.101-.113, Fla. Stat. (Supp. 1998).
[6] "Child abuse" was defined in former section 415.503 to include "harm or threatened harm to a child's physical or mental health or welfare." § 415.503(3), Fla. Stat. (Supp. 1996).