939 So.2d 1078 (2005)
The STATE of Florida, Appellant,
v.
Vonda Denise CHRISTIE, Appellee.
No. 3D04-1214.
District Court of Appeal of Florida, Third District.
November 2, 2005.
Rehearing Denied December 7, 2005.
Charles J. Crist, Jr., Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Assistant Public Defender, for appellee.
Before LEVY, GREEN, and WELLS, JJ.
GREEN, J.
The State of Florida appeals the trial court's dismissal of its information against Vonda Denise Christie for child neglect with no bodily harm pursuant to sections 827.03(3)(a) and (c), Florida Statutes (2003). At issue in this case is whether a public school teacher can be deemed a "caregiver" for students during school *1079 hours, as that term is defined in section 827.01(1). We conclude that a public school teacher is a "caregiver," as defined by section 827.01(1), during school hours. Accordingly, we reverse the dismissal of the information.
The charges in this case stemmed from incidents where Christie, a public school teacher, stood by and did nothing while her teacher's aide bound certain students to their desks and/or to the blackboard with adhesive tape, in the classroom. The State charged Christie with five counts of child neglect with no bodily harm under sections 827.03(3)(a) and (c). That statute defines "neglect of a child" as a caregiver's failure or omission to provide a child with care or supervision. Section 827.01(1), in turn, defines "caregiver" as "a parent, adult household member, or other person responsible for a child's welfare."
Christie filed a motion to dismiss the complaint. She asserted that as a public school teacher, she was not a section 827.03(3) "caregiver" or "other person responsible for a child's welfare" if that section was read in pari materia with section 39.01(47), Florida Statutes (2003).[1] The State responded that the Chapter 39 definition of "other person responsible for a child's welfare" did not need to be superimposed on section 827.03. Moreover, the state argued that Christie was a section 827.03 "caregiver" because, as a school teacher, she stood in loco parentis to the students during school hours and was therefore an "other person responsible for a child's welfare." § 827.01(1), Fla. Stat. (2003). The trial court granted Christie's motion to dismiss. The State appealed.
We agree with the State that there is no need to refer to the section 39.01(47) definition of "other person responsible for a child's welfare" in considering a neglect charge under section 827.03. That is because we conclude that a teacher falls within the plain meaning of "caregiver" during school hours as that word is defined in section 827.01(1).
Section 827.03(3) criminalizes child neglect by a "caregiver." A "caregiver" in turn is statutorily defined as "a parent, adult household member, or other person responsible for a child's welfare." § 827.01(1), Fla. Stat. (2003). Since Christie was not the parent or adult household member of the student victims, the question becomes whether she is an "other person responsible" for their welfare during school hours. Contrary to the trial court's conclusion, there is nothing vague or ambiguous about the phrase "other person responsible for a child's welfare." Thus, because the statute's language is clear and unambiguous, the statute must be given its "plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984). The plain and obvious meaning of "caregiver," in 827.01(1), has been applied to neglect prosecutions under 827.03(3). Durand v. State, 820 So.2d 381 (Fla. 5th DCA 2002).
We further agree with the State that teachers stand in loco parentis to the students during school hours.
A public school . . . owes a general duty of supervision to the students placed within its care. Case law is replete with instances of schools, principals and teachers being required to reasonably fulfill their duty to supervise students. The genesis of this supervisory duty is based on the school employee standing partially in place of the student's parents. Mandatory schooling has forced *1080 parents into relying on teachers to protect children during school activity.
Rupp v. Bryant, 417 So.2d 658, 666 (Fla. 1982) (citations omitted)(footnotes omitted); State v. D.T.W., 425 So.2d 1383, 1386 (Fla. 1st DCA 1983)(teachers act in loco parentis). See Nova Southeastern Univ. v. Gross, 758 So.2d 86 (Fla.2000)(college has duty to protect students from dangers in mandatory internship placement). A person who stands in loco parentis to a child during school hours must obviously be deemed a "person responsible for the child's welfare" under section 827.01(1).
Christie nevertheless urges that we are required to look at the Chapter 39 definition of "other person responsible for a child's welfare" as the Florida Supreme Court did in DuFresne v. State, 826 So.2d 272 (Fla.2002). Using the Chapter 39 definition, Christie maintains that public school teachers are excluded as an "other person responsible for a child's welfare." Contrary to Christie's argument, because the phrase "other person responsible for a child's welfare" has a plain and obvious meaning in everyday parlance, there is no need to resort to the statutory definition given in section 39.01(47) as in DuFresne.
In DuFresne, the supreme court was confronted with a constitutional vagueness challenge to a criminal statute because of the lack of a statutory definition for "mental injury." The court noted that in cases where the exact meaning of a term was undefined by the Legislature, the court had ascertained a meaning by reference to other statutory provisions as well as case law or the plain and ordinary meaning of a word or common usage. 826 So.2d at 275. The court further noted that "[w]hile the legislature may direct that statutes be read in pari materia, the absence of such a directive does not bar construing two statutes in that manner." Id. (citations omitted). Accordingly, the court opted to read the statutory definition of "mental injury" found in Chapter 39 in pari materia with section 827.03, Florida Statutes (2003).
DuFresne, however, does not mandate that chapter 39 always be read in pari materia with section 827.03. See S.J.C. v. State, 906 So.2d 1115, 1117 n. 1 (Fla. 2d DCA 2005) ("We are mindful of the supreme court's reading of chapter 39 in pari materia with section 827.03, Florida Statutes (2003), to define "mental injury." . . . We disagree with the State, however, that the supreme court's reading of these two statutes in pari materia creates a blanket proposition that these two statutes should always be read together.") (citations omitted).
The DuFresne court recognized, among other things, that in order to withstand a vagueness challenge, a statute must define the offense in a manner that does not encourage arbitrary and discriminatory enforcement. See 826 So.2d at 275. An adoption of Christie's argument in this case would precisely create just such an arbitrary and discriminatory result  a private school teacher could be criminally charged with child neglect under the facts of this case, but a public school teacher could not, even though both perform the same duties during the course of a school day.
Moreover, to read these two statutes in pari materia in this case would actually defeat the underlying legislative purpose of both statutes, which is the general protection of children from neglect. See DuFresne, 826 So.2d at 276. That is because such a reading would serve to insulate from prosecution a group of adults  public school teachers  despite the fact that these adults stand in loco parentis to the students that they oversee during school hours. "[T]he public interest is in education, upon which society places a high value. It requires an orderly atmosphere which is free from danger and disruption." *1081 D.T.W., 425 So.2d at 1386 (citations omitted). We find no logic to Christie's argument, which counters the plain dictate of section 827.03(3).
Accordingly, for all of the foregoing reasons, we reverse the dismissal of the State's information and remand this cause for is reinstatement.
Reversed.
NOTES
[1] Section 39.01(47), in pertinent part, defines "[o]ther person responsible for a child's welfare" as "the child's legal guardian, legal custodian, or foster parent; an employee of a private school, public or private child day care center[.]"