ALTENBERND, Judge,
Concurring.
I concur in this opinion, but write to emphasize that our occasional reliance on the definitions in chapter 39 when examining a criminal offense in chapter 827 should not be interpreted to be a judicial incorporation of those civil definitions into the criminal offenses. Portions of chapter 827 are so broadly written that they have been challenged as unconstitutionally vague. See, e.g., DuFresne v. State, 826 So.2d 272, 274 (Fla.2002). In that context, we have turned to chapter 39 for guidance in holding that these statutes, while not a “paradigm of legislative drafting,” are not unconstitutionally vague. Id. at 278-279.
Ultimately, section 775.021, Florida Statutes (2007), requires that we construe this statute most favorably to the accused. I believe that we have obeyed that requirement in this opinion. The State should not assume that we would rely on the definitions in chapter 39 to construe this statute against the defendant or to uphold a conviction when words in chapter 827 required interpretation.