MARSTILLER, J.
Seventeen-year-old Kayla Diane Nowlin was at her home babysitting a neighbor’s two-year old daughter on March 9, 2009. She had been caring for the child for approximately two weeks while the child’s mother worked. Nowlin was under instruction by the mother not to keep the child in Nowlin’s home because she owned a pit bull. The dog had bitten another neighborhood child in October 2008, although the two-year-old in Nowlin’s care had been around the dog several times without incident. At some point on March 9, Nowlin and the child left Nowlin’s home. Upon returning, Nowlin opened the front gate to her fenced yard, placed the toddler on the ground, and walked ahead of her toward the front door of the house. Moments later Nowlin heard the child screaming and turned around to see the *81 pit bull mauling her. A passer-by was able to extricate the baby from the dog’s grip, and she was taken to the hospital to treat her significant injuries.
The State charged Nowlin with neglect of a child causing great bodily harm, a second-degree felony under section 827.03(3)(b), Florida Statutes (2009). Nowlin moved to dismiss the charge pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), and the trial court granted the motion. The court determined Nowlin cannot be held criminally liable for child neglect because she was a juvenile when the dog attack occurred and thus was not a “caregiver” as defined in chapter 39, Florida Statutes. The court also found the facts do not show that Nowlin’s conduct constitutes culpable negligence. Reviewing the dismissal de novo, see State v. Sholl, 18 So.3d 1158, 1160 (Fla. 1st DCA 2009), we conclude the trial court incorrectly relied on the definition of “caregiver” in chapter 39, and that the undisputed facts create a jury question precluding the granting of Nowlin’s motion to dismiss.
Under Rule 3.190(c)(4), a criminal charge can be dismissed if “[tjhere are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” As we explained in Sholl, supra:
To avoid dismissal under Rule 3.190(c)(4), the State must present sufficient facts that, when viewed in a light most favorable to the State, show a reasonable jury could find in its favor. See State v. Termo, 997 So.2d 1174, 1177-78 (Fla. 3d DCA 2008) (stating the State is entitled to the most favorable construction of the facts possible); State v. Ortiz, 766 So.2d 1137, 1141-42 (Fla. 3d DCA 2000) (stating that when considering a Rule 3.190(e)(4) motion, “the [Sjtate is entitled to the most favorable construetion of the evidence with all inferences being resolved against the defendant”).
18 So.3d at 1160. Nowlin was charged with child neglect causing great bodily harm under section 827.03(3), which provides in pertinent part:
(3)(a) “Neglect of a child” means:
1. A caregiver’s failure or omission to provide a child with the care, supervision, and services necessary to maintain the child’s physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child; ...
[[Image here]]
Neglect of a child may be based on repeated conduct or on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.
(b) A person who willfully or by culpable negligence neglects a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 827.03(3), Fla. Stat. (2009). As used in chapter 827, a “caregiver” is “a parent, adult household member, or other person responsible for a child’s welfare.” § 827.01(1), Fla. Stat. (2009).
In its Order Granting Defendant’s Motion to Dismiss, the trial court determined the “other person responsible for a child’s welfare” portion of the definition of “caregiver” in section 827.01(1) “does not encompass the seventeen (17) year old Defendant in this case.” Without articulating a reason, the court looked to section 39.01(47), Florida Statutes (2009), which for purposes of chapter 39 defines *82 “other person responsible for a child’s welfare” to include “an adult sitter ... entrusted with a child’s care.” The trial court concluded “[t]he clear language of [section 39.01(47) ] requires that a babysitter be an adult in order to be responsible under [section 827.03(3) ] to the victim in this case.” The court further found that although the facts showed Nowlin knew her dog had previously bitten a small child, she could not be liable under section 767.13, Florida Statutes, for the acts of her dangerous dog since one must be an adult to be a responsible dog “owner” under section 767.11(7). And “[t]here are no other facts to show that the act of allowing a two (2) year old child to walk on her own for a period of ten (10) seconds would constitute ‘culpable negligence’ ” under section 827.03(3)(b).
Neither chapter 39 nor chapter 827 reveals a legislative intent that terms common to both chapters be defined according to chapter 39. Cf. Agency for Persons with Disabilities v. Dallas, 38 So.3d 831, 834 (Fla. 1st DCA 2010) (noting that chapter 916, Florida Statutes, which provides procedures for dealing with mentally incompetent criminal defendants, expressly imports definitions from chapter 393 governing treatment and support services for persons with developmental disabilities in non-criminal settings). Indeed, “there is no need to refer to the section 39.01(47) definition of ‘other person responsible for a child’s welfare’ in considering a neglect charge under section 827.03.” State v. Christie, 939 So.2d 1078, 1079 (Fla. 3d DCA 2005). In Christie, a public school teacher was charged under section 827.03(3)(a) with child neglect with no bodily harm, and the trial court dismissed the charge, relying on the definition in section 39.01(47), which the appellee argued did not cover public school teachers. The Third District found the trial court’s application of section 39.01(47) to the criminal child neglect statute in error:
Contrary to the trial court’s conclusion, there is nothing vague or ambiguous about the phrase “other person responsible for a child’s welfare.” Thus, because the statute’s language is clear and unambiguous, the statute must be given its “plain and obvious meaning.” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). The plain and obvious meaning of “caregiver” has been applied to neglect prosecutions under 827.03(3). Durand v. State, 820 So.2d 381 (Fla. 5th DCA 2002).
Id. “[B]ecause the phrase ‘other person responsible for a child’s welfare’ has a plain and obvious meaning in everyday parlance, there is no need to resort to the statutory definition given in section 39.01(47)....” Id. at 1080. Cf. DuFresne v. State, 826 So.2d 272 (Fla.2002) (reading chapter 39 in pan materia with section 827.03 to supply a definition for “mental injury” where the term is not defined in chapter 827 and the statute was challenged as unconstitutionally vague).
The language at issue in Chnstie is equally plain and unambiguous when applied to Nowlin, and the phrase “other person responsible for a child’s welfare” is not on its face limited to persons over eighteen years of age. To be sure, a juvenile can be prosecuted for child abuse under section 827.03. See K.B.S. v. State, 725 So.2d 448, 449 (Fla. 2d DCA 1999) (holding the State could bring a petition for delinquency against a fourteen-year-old for child abuse under section 827.03(1) because the statute penalizes “a person who knowingly or willfully abuses a child” and “the legislature did not place an age-based restriction on these types of prosecutions”). And nothing in section 827.03 supports drawing a distinction between child abuse and child neglect to exempt a seven *83 teen-year-old from criminal liability for the latter.
Thus, the question properly put is not whether a juvenile can be prosecuted for child neglect, but whether the undisputed facts in this case demonstrate Now-lin was “responsible for a child’s welfare.” According to the State’s traverse, Nowlin had been the child’s sitter for two weeks before the pit bull mauling, and the hours of the day during which she watched the child varied depending on the mother’s work schedule. Viewing the facts and inferences most favorably to the State as we must on a motion to dismiss, see Sholl, we find the State made a prima facie showing that Nowlin regularly, if not daily, took care of the two-year-old victim while the mother was at work, and was entrusted with and responsible for the child’s care and welfare during those times. We note, however, that the State need not in every prosecution for child neglect show long term or regular babysitting responsibility to establish a defendant’s status as a caregiver under section 827.01(1).
Turning to whether the State has made a prima facie showing of culpable negligence on Nowlin’s part, the undisputed facts must demonstrate her reckless indifference or grossly careless disregard for the safety of the two-year-old child in her care. See State v. Greene, 348 So.2d 3, 4 (Fla.1977). But “it is well-established that if, based on the undisputed facts, a jury question exists a [Rule 3.190](c)(4) motion to dismiss should not be granted.” State v. Franchi, 746 So.2d 1126, 1128 (Fla. 4th DCA 1999). Here the undisputed facts show Nowlin’s pit bull had bitten another small child six months before it attacked the two-year-old victim in this case; Nowlin knew about the prior incident and even signed paperwork required by animal control, listing herself as the dog’s owner; the victim’s mother directed Nowlin that because of the dog, she was to care for the child in the child’s home and not in Nowlin’s home; Nowlin nonetheless took the child home with her and, instead of carrying the child through the yard where the pit bull was, she put the child on the ground to walk approximately twenty feet on her own to the front door. Within seconds, and after Nowlin had turned her back and begun to move toward the door expecting the toddler to follow her, the pit bull attacked. We find these facts establish a prima facie showing of culpable negligence by Nowlin. The facts also show, however, that on several prior occasions the child had played with the dog and it had not displayed aggression or hostility toward her. In our view, this creates a jury question as to whether Nowlin displayed recklessness or careless disregard for the victim’s safety. As such, the trial court should not have granted Nowlin’s motion. For this reason, and because the trial court incorrectly relied on the definition of “caregiver” in chapter 39, we REVERSE the Order Granting Defendant’s Motion to Dismiss.
HAWKES, J., concurs.
PADOVANO, J., Dissents with Opinion.