PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has filed a report in which it proposes amending standard criminal jury instruction 16.3, Child Abuse, and asks the Court to authorize the amended instruction for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee proposes amending instruction 16.3 to add the following: (1) that the defendant “knowingly or willfully” committed the abuse; (2) the parental affirmative defense;[1] (3) language putting the trial court on notice that it is unclear who bears the burden of persuasion regarding the affirmative defense; (4) the statutory definition of “mental injury”; and (5) the crimes of “contributing to the dependency of a minor” and “battery” to the list of lesser-included offenses to child abuse. A Minority Report was also filed, which provided the Court with alternative options for the instruction.
The Committee published its final proposal in the January 15, 2011, edition of The Florida Bar News.[2] Upon consideration of the proposals and the comments received by the Committee, we hereby authorize for publication and use instruction 16.3 as amended in proposals 1, 2, 3, and 5.
The Committee’s fourth proposal is to amend the instruction to include only the statutory definition of “mental injury,” which is found in section 39.01(42), Florida Statutes (2010). The Minority Report, by contrast, urges that the statutory definitions from chapter 39, Florida Statutes, for “abuse,” “harm,” “physical injury,” “mental injury,” and “legal custody”[3] should be *208 added to the instruction, based on this Court’s decision in DuFresne v. State, 826 So.2d 272 (Fla.2002).[4] After consideration of the Committee’s proposal and the Minority Report’s alternative suggestion as to this issue, we revise instruction 16.3 to include the chapter 39 statutory definitions for “abuse,” “harm,” “physical injury,” “mental injury,” and “legal custody” as suggested in the Minority Report.
Revised instruction 16.3, which appears in the attached appendix, is authorized for publication and use.[5] We express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instruction. We further caution all interested parties that any notes and comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to its correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instruction as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, J., concurs in part and dissents in part with an opinion, in which CANADY, C.J., concurs.

. See Raford v. State, 828 So.2d 1012, 1020 (Fla.2002) (recognizing that where a parent is charged with the crime of child abuse, the parent "may assert as an affirmative defense his or her parental right to administer ‘reasonable’ or ‘nonexcessive’ corporal punishment").

. The Committee initially published a proposal in the June 15, 2010, edition of The Florida Bar News. Three comments were received. The Committee published, a revised proposal on November 1, 2010, and one comment was received. In response to that comment, the Committee again revised the proposal, and on January 15, 2011, the Committee published the proposal now before the Court.

.The Minority Report's suggestion also includes a note directing the trial judge to section 39.01(49), Florida Statutes, when the definition of "parent” is relevant.

. According to the Minority Report, DuFresne recognized that the provisions of chapter 39 and section 827.03, Florida Statutes, should be read in proper relation to one another. Therefore, the minority believes that several chapter 39 definitions should be used in the jury instruction for section 827.03.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/juty_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.