POLSTON, J.,
concurring in part and dissenting in part.
I concur with the majority’s authorization for publication and use of instruction 16.3 as amended in proposals 1 and 5. Because of disagreements between a majority of the Committee and a minority of its members and various other commentators, as described by the Minority Report and comments filed with the Court, I respectfully dissent from the majority’s rulings on proposals 2, 3, and 4.
CANADY, C.J., concurs.
APPENDIX
16.3 CHILD ABUSE
§ 827.03(1), Fla. Stat.
To prove the crime of Child Abuse, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) knowingly or willfully:

Give as applicable.

a. intentionally inflicted [physical][or] [mental] injury upon (victim).
b. committed an intentional act that could reasonably be expected to result in [physical] [or] [mental] injury to (victim).
c. actively encouraged another person to commit an act that resulted in or could reasonably have been *209 expected to result in [physical] [or] [mental] injury to (victim).
2. (Victim) was under the age of 18 years.

Parental affirmative defense. Give if applicable. See Raford v. State, 828 So.2d 1012 (Fla.2002).

§ 827.OS Fla. Stat. and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence.

The Florida Supreme Court has often decided, however, that t once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinions in Dixon v. United States, 548 U.S. 1, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006), for further guidance.

It is not a crime for [a parent] [a person who is acting as the lawful guardian] of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline. (Insert appropriate burden of persuasion to appropriate party.)

Definitions, give as applicable.

§ S9.01 (2), Florida Statutes.

“Abuse” means any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired. Abuse of a child includes acts or omissions. [Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child.]

§ 39.01(32), Florida Statutes.

“Harm” means (insert specific allegation included from this subsection of the statute charged in the indictment or information).

§ 39.01(56), Florida Statutes.

“Physical injury” means death, permanent or temporary disfigurement, or impairment of any bodily part.

§ 39.01(4-2), Florida Statutes.

“Mental injury” means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability to function within the normal range of performance and behavior.

Note to Judge. See § 39.01(19), Florida Statutes, if the defendant’s status as a parent is at issue.

§ 39.01(35), Florida Statutes. (Give only when the guardian is not a parent).

“Legal custody” means a legal status created by a a court which vests in a custodian of the person or guardian, whether an agency or an individual, the right to have physical custody of the child and the right and duty to protect, nurture, guide, and discipline the child and to provide [him][her] with food, shelter, education and ordinary medical, dental, psychiatric, and psychological care.
*210 [[Image here]]
Comment
See Raford v. State, 828 So.2d 1012 (Fla.2002), and DuFresne v. State, 826 So.2d 272 (Fla.2002), for authority to incorporate definitions from Chapter 39, Florida Statutes.
This instruction was adopted in 1981 and amended in 1985,1989, and 2002, and 2011.