632 So.2d 644 (1994)
James Eugene SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3455.
District Court of Appeal of Florida, First District.
February 7, 1994.
Rehearing Denied March 22, 1994.
*645 Ronald W. Johnson of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt and Amelia L. Beisner, Asst. Attys. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant appeals from his convictions and sentences on four counts of attempting to handle, fondle, or make an assault upon a child under the age of 16 years in a lewd, lascivious or indecent manner, as proscribed by section 800.04(1), Florida Statutes (Supp. 1990). He argues that the undisputed material facts upon which the charges were based do not establish a prima facie case of guilt and that the trial court therefore erred in denying his Florida Criminal Procedure Rule 3.190(c)(4) motion to dismiss all counts. Concluding that the undisputed material facts were sufficient to establish a prima facie case as to only two of the charged crimes, we affirm two of the appellant's convictions, we reverse the two others, and we remand for resentencing.
Counts I and II of the information were based upon the following undisputed material facts: On December 8, 1990, two girls, ages 13 and 14, were walking along a sidewalk when the appellant, who was driving a van, said to them, "Hey, girls, show me your pussy." The two girls then took a back road to a church where they sat in the sanctuary for several minutes because they were frightened of the appellant. The girls then walked to a fast food restaurant and were standing in line to get their food when the appellant drove up outside and was looking into the restaurant. Because the girls were frightened, they hid inside the restaurant's bathroom for several minutes.
Counts III and IV of the information were based on the following undisputed material facts: On December 20, 1990, two girls, ages 9 and 10, were walking along a sidewalk when the appellant drove by, stuck out his tongue, and said, "Honey, let me have some pussy," or "Give me your pussy." The appellant circled back past the girls about three times. The girls then walked to a park where they would be around other people. The appellant then drove past the park.
We conclude that the undisputed facts relating to the first incident fail to establish a prima facie case against the appellant of attempting to commit the offense proscribed by section 800.04(1). Attempt requires *646 an overt act which is a direct movement toward commission of the offense, and which is more than mere preparation. State v. Coker, 452 So.2d 1135 (Fla. 2d DCA 1984). While the appellant's request to the girls to expose themselves may have constituted an attempt to violate a different subsection of the statute, see Schmitt v. State, 590 So.2d 404 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992), it did not evince the specific intent to handle, fondle, or assault the girls required under subsection (1). Likewise, the appellant's act of following the girls to the restaurant, whether considered alone or together with the appellant's earlier remark, does not constitute a direct movement toward a specific purpose of handling, fondling, or assaulting the girls.
We conclude, however, that the nature of the appellant's language and conduct in the second incident does fall within the proscription of section 800.04(1). The appellant's command to the girls to "give [him] some pussy" demonstrates the specific desire to handle or fondle the girls, and the appellant's act of repeatedly driving back by the girls can properly be viewed as a direct act in furtherance of this specific intent.
Accordingly, the appellant's convictions on Counts I and II of the information are reversed, his convictions on Counts III and IV are affirmed, and this cause is remanded for resentencing.
ERVIN and LAWRENCE, JJ., concur in part and dissent in part with written opinions.
ERVIN, Judge, concurring and dissenting.
Although I agree with Judge Allen to reverse appellant's convictions on Counts I and II of the information, I would also reverse his convictions as to Counts III and IV.
Section 800.04(1), Florida Statutes (Supp. 1990), provides that any person who "[h]andles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner," without committing sexual battery, commits a second-degree felony. Smith was charged with attempting to commit this offense; thus, the state was required to establish that Smith performed an overt act, beyond mere preparation, towards handling, fondling, or assaulting the girls. The evidence shows that Smith called out to the two girls in question, "Let me have some pussy," and "Give me your pussy," stuck out his tongue, and repeatedly drove by the girls. I cannot agree that such conduct constitutes an attempted lewd or lascivious act. Smith never asked or ordered the girls to accompany him, never made any attempt to get out of his car, never made a verbal threat that he planned to handle, fondle, or assault the girls, nor did he commit any other overt act toward perpetration of the crime charged.
Preparation generally consists of devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement toward the commission after preparations are completed. The act must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime. Some appreciable fragment of the crime must be committed and it must proceed to the point that the crime would be consummated unless interrupted by a circumstance independent of the attemptor's will.
State v. Coker, 452 So.2d 1135, 1136 (Fla. 2d DCA 1984) (citation omitted). Accord Morehead v. State, 556 So.2d 523 (Fla. 5th DCA 1990). There was no evidence that Smith committed any "appreciable fragment" of the act of handling, fondling, or assaulting the girls, and any conclusion that such occurred, based on the facts of this case, is purely speculative.
Regardless of how prurient and reprehensible Smith's behavior may seem, it did not, in my judgment, constitute an attempted violation of section 800.04(1). I would therefore reverse as well the convictions for Counts III and IV.
LAWRENCE, Judge, concurs in part and dissents in part.
I concur in Judge Allen's majority opinion to the extent that it affirms the convictions of appellant on Counts III and IV. I respectfully dissent to the extent that the opinion reverses the convictions of appellant for attempted *647 lewd and lascivious assault under Counts I and II. Whether appellant's conduct constituted an overt act within the meaning of the attempt statute is in dispute. In my view the actions of the appellant constituted a direct movement toward the commission of a lewd assault and were more than mere preparation. Appellant drove alongside the 13- and 14-year-old girls in his van. When they heard him say, "Hey, girls, show me your pussy," he frightened them sufficiently to cause them to flee to a church for sanctuary. He followed them to a restaurant, where the sight of him caused the girls to hide in the restroom. These acts were enough to pose a question for the jury, and thus a prima facie case. I would affirm on all counts.