BENTON, Judge,
dissenting.
On this record, the trial court was entitled to conclude that, even before Officer Green had any reason to think Ms. Cronin was hiding something, he had a reasonable, particularized suspicion that a felony — the attempt to purchase cocaine — had occurred, and that Ms. Cronin had committed it. § 901.15(2), Fla.Stat. (1993). See United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). No constitutional provision required him to ignore an ordinary citizen whom he knew (from patrolling the neighborhood) by sight but not by name, and who identified Ms. Cronin on the spot, accusing her face to face.
Ms. Cronin’s legal troubles began when she mistook a law abiding bicyclist for a purveyor of illicit drugs. She “asked him for crack cocaine,” ante, p. 214, but he declined, and set off on his bicycle. Minutes later, in telling Officer Green what had transpired, he gave an eyewitness’ account of a third-degree felony. See Smith v. State, 632 So.2d 644 (Fla. 1st DCA 1994).
With exceptions not pertinent here, “it is unlawful for any person to purchase” cocaine. § 893.13(2)(a)l., Fla.Stat. (1993). Such a purchase is a felony of the second degree. Id. An attempt to commit a felony of the second degree is a felony of the third degree. § 777.04(4)(e), Fla.Stat. (1993).
The youthful cyclist told Officer Green where the crime had taken place and, as it turned out, where the perpetrator still was. Ms. Cronin was sitting on the passenger’s side of the front seat of a gray Lincoln, when the police car reached F and Cervantes, shortly before the cyclist rode up and pointed her out as the one who had tried to buy cocaine from him.
This case does not present the problems that arise when an anonymous telephone caller, whose identity and reliability were unknown to the authorities, makes an accusation without disclosing the basis for it. See Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). At the suppression hearing in the present case, the State made what the informer personally saw and heard a matter of record. See Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Cf. Recznik v. Lorain, 393 U.S. 166, 89 S.Ct. 342, 21 L.Ed.2d 317 (1968).
Officer Green testified, “I talked to her briefly and she was holding her legs together like she was trying to hide something, so that’s when I asked her to exit the vehicle.” Whatever the position of Ms. Cronin’s legs, Officer Green did not violate the Florida or federal constitutions in ordering her out of the ear. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). Complying, Ms. Cronin revealed a knife on which she had been sitting. Officer Green then placed her under arrest for possession of a concealed weapon, as specifically authorized by section 790.02, Florida Statutes (1993). Search incident to that lawful arrest *215 turned up the pipe, later found to contain cocaine residue.
I would affirm the trial court’s order, predicated on appellant’s plea of nolo contendere, withholding adjudication and placing her on probation. The trial court correctly denied the motion to suppress, in my opinion. Under the majority’s view, a sworn law enforcement officer could not lawfully apprehend a robber or any other felon pointed out by the victim moments after the crime. Because I do not share that view, I respectfully dissent.