W. SHARP, J.
In this Anders appeal,[1] Clines argues that, based on the undisputed material facts in the pleadings and probable cause affidavit, augmented by the police report, the crime of child abuse could not be established, pursuant to section 827.03(l)(b), Florida Statutes (1999). Thus, he was entitled to have his motion to dismiss the criminal charge granted. See Fla. R.Crim. P. 3.190(c)(4). All undisputed facts and *948 inferences must be viewed most favorably to the state in such cases.[2] We affirm.
Section 827.03(l)(b) defines “child abuse” as:
An intentional act that could reasonably be expected to result in physical or mental injury to a child; ...
As amended, the statutory offense of child abuse is no longer limited to actual physical or mental injury inflicted on a child. It now includes “any intentional act that could reasonably be expected to result in physical or mental injury to a child.” The scope of the statute has yet to be explored by the appellate courts, and in some cases, it may be inappropriately applied. However, Clines is not arguing that the statute is overbroad or unconstitutionally vague, in general, or as applied to him. Thus we do not reach those questions or issues.[3]
The undisputed material facts were as follows. Clines, the father of a young child, got into a heated argument with the mother of the child. He made a verbal threat which implied he would kill the child. He went into the room where the child was sleeping, grabbed a loaded gun, cocked the trigger, and pointed it at the ceiling. The mother was alarmed to the point of dashing into the room and taking the child in her arms out of the room. The child did not wake up.
Clines made a threat to kill the child. He followed up that threat by arming himself with a loaded weapon and cocking it, ready to fire. Although he did not point it at the child, he pointed it at the ceiling. This type of irrational, hostile and reckless behavior by an excited or agitated person, unfortunately often results in shootings, which perhaps were not intended. All it would have taken was slight finger pressure to cause the gun to fire had Clines stumbled or lost his balance, or if the mother, instead of grabbing the child, had tried to disarm him. A bullet released and ricocheting about the nursery was a definite possibility in this scenario. In our view, these undisputed facts and inferences arising therefrom were sufficient for the trial judge to have concluded Clines’ intentional acts placed the child in a zone of “reasonably expected” physical danger.
AFFIRMED.
SAWAYA, J., concurs.
GRIFFIN, J., dissents with opinion.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Wilson v. State, 744 So.2d 1237 (Fla. 1st DCA 1999); State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985).

. M.W. v. Davis, 756 So.2d 90 (Fla.2000); Gibson v. State, 533 So.2d 338 (Fla. 5th DCA 1988).