937 So.2d 1226 (2006)
STATE of Florida, Appellant,
v.
Eric COLEMAN, Appellee.
No. 1D05-2734.
District Court of Appeal of Florida, First District.
September 25, 2006.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellant.
*1227 Mark E. Walker of Pelham, Andrews & Walker, Tallahassee, for Appellee.
VAN NORTWICK, J.
The state appeals an order granting Eric Coleman's motion to dismiss the information filed against him which charged him with three counts of felony child abuse under section 827.03(1)(a), Florida Statutes (2004). The attempted prosecution of Coleman under section 827.03(1)(a) was based upon his graphic comments to three minor girls, which the trial court characterized as "offensive and disturbing." Relying upon State v. DuFresne, 782 So.2d 888 (Fla. 4th DCA 2001) (DuFresne I), the trial court ruled that appellant's verbal conduct was not actionable under section 827.03(1)(a) based upon the holding in DuFresne I that section 827.03(1)(b) could withstand a constitutional overbreadth challenged only if it was narrowly construed to avoid its application to speech. Id. Although the trial court correctly followed DuFresne I,[1] we do not agree that we are required to interpret section 827.03(1) in such a manner that speech can never constitute the basis for a child abuse prosecution. Accordingly, we reverse and remand for further proceedings consistent with the following opinion. We also certify conflict with DuFresne I and Munao v. State, 31 Fla. L. Weekly D2268, ___ So.2d ___, 2006 WL 2519865 (Fla. 4th DCA Sept. 1, 2006).

Background
On April 15, 2005, the state filed an information charging Coleman with three counts of felony child abuse under section 827.03(1)(a). Count I alleged that on February 24, 2005, he drove by a fifteen year-old girl and asked her "do you have hair on your pussy." Counts II and III alleged that on February 23, 2005, he drove by two twelve year-old girls asking one "do you shave your pussy" and the other "do you have hair on your pussy." According to the probable cause affidavit, the encounter caused the fifteen year-old girl to run crying to a family friend's house. When he was contacted by law enforcement, Coleman stated that he licked his lips after making the statements.
Coleman filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190[2] arguing that the application of section 827.03(1)(a) to his conduct would be unconstitutional because it amounted to mere speech and, pursuant to DuFresne I, section 827.03(1)(a) must be narrowly construed as not being applicable to speech. The trial court granted the motion to dismiss, explaining:
The four corners of the information . . . charges three counts of child abuse, all based on essentially verbal conduct. This Court finds that it is bound by the holding in State v. DuFresne, 782 So.2d 888 (Fla. 4th DCA 2001), appealed on other grounds, 826 So.2d 272 (Fla.2002). This case held section 827.03(1)(b) was *1228 not overbroad, and therefore not unconstitutional, because the court narrowed the construction of the statute as not being applicable to speech. This precedent is equally applicable to section 827.03(1)(a). Therefore, while the kind of speech alleged here may not be constitutionally protected speech, the appellate court has previously held this statute does not apply to any kind of speech.
This appeal ensued.
DuFresne and Section 827.03(1)
Section 827.03(1), Florida Statutes (2004) provides:
(1) "Child abuse" means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical and mental injury to a child; or
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child. A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (emphasis added).
In DuFresne I, the defendant was charged with five counts of child abuse involving different children. Some of the counts were based solely on oral statements. The trial court granted DuFresne's motion to dismiss on the grounds that section 827.03(1)(b) was both overbroad and vague.[3] On appeal, the Fourth District Court of Appeal determined that section 827.03(1)(b) could withstand an overbreadth challenge if it was narrowly construed so as to avoid its application to speech. DuFresne I, 782 So.2d at 891. Further, the court rejected the trial court's ruling that the term "mental injury" used in the statute was unconstitutionally vague because it was not defined in chapter 827. The court found that "mental injury" was defined in a closely related statute, section 39.01(44), Florida Statutes (Supp.1998), which under State v. Fuchs, 769 So.2d 1006, 1009 (Fla.2000), should be read in pari materia with chapter 827. Section 39.01(44) defines mental injury as follows:
"Mental injury" means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in his ability to function within his normal range of performance and behavior.
The Fourth District certified the question of whether the term "mental injury" in section 827.03(1)(b) was unconstitutionally vague.
On review by the Florida Supreme Court, the court agreed with the Fourth District that, even though section 827.03(1) did not define the term "mental injury," the court could resort to the definition of mental injury in section 39.01(44) contained *1229 within chapter 39. See DuFresne v. State, 826 So.2d 272, 275 (Fla.2002) (DuFresne II). The court noted that the child protection provisions in chapter 39 and the criminal provisions of section 827.03 have similar underlying purposes. Id. at 278. Thus, for purposes of understanding the meaning of "child abuse" in section 827.03, the court relied upon the definition of "[a]buse" in section 39.01(2), Florida Statutes (2001), which provides:
"`[a]buse' means any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired. Abuse of a child includes acts or omissions. . . ." (emphasis added).
In addition, the court noted that "harm" is defined in section 39.01(30) and includes infliction of injury on a child physically, emotionally, or mentally. The court reasoned that:
[t]he fact that these statutes have essentially the same underlying purpose, i.e., the protection of children, lends further support to our conclusion that . . . these provisions should be read in proper relation to one another. Furthermore, we note, the definition of "mental injury" now found in chapter 39 is a limiting definition, as opposed to a broad definition, which benefits the defendant. Thus, mental injury, as defined, will be present only in limited circumstances, thereby discouraging arbitrary and discriminatory enforcement. Accordingly, pursuant to the analytical framework set forth in [State v. Fuchs, 769 So.2d 1006 (Fla.2000)], we conclude that the district court properly held that the challenged statute is not unconstitutionally vague because the term "mental injury" is adequately defined in another related statute. Chapter 39 . . . is sufficiently related to child abuse to put a citizen on notice that its provisions may be related to the child abuse provisions of section 827.03. . . . (emphasis added).
Id. 826 So.2d at 278-79.
In Munao v. State, 31 Fla. L. Weekly D2268, ___ So.2d ___, 2006 WL 2519865 (Fla. 4th DCA Sept. 1, 2006), the Fourth District recently reiterated its holding in DuFresne I that "section 827.03(1)(b) cannot be applied to speech of any kind . . . to avoid overbreadth because the statute does not limit its application to any recognized exception to the First Amendment." Id. at 2270, at ___. In Munao, the defendant was convicted of child abuse and solicitation to commit aggravated battery based upon his verbal instructions to his six year-old son [N.M.] to "go in the kitchen, get a knife and stab [his mother]." Id. at 2269, at ___. Expert witnesses testified at trial that the defendant's directions to his son were "`extremely damaging' to a child with N.M.'s problems" and "could reasonably be expected to be the cause of substantial impairment in the ability of a child to function within the normal range of performance and behavior." Based on its precedent in DuFresne I, the court reversed and remanded with directions to the trial court to enter a judgment of acquittal with respect to the child abuse charge. Id. at 2270, at ___.

Analysis
"The overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." Ashcroft v. Free Speech Coalition, 535 U.S. 234, 255, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). As the Florida Supreme Court has explained, "because application of the facial overbreadth doctrine is `strong medicine,' it should be employed sparingly by the courts. Facial overbreadth has not been invoked when a *1230 limiting construction has been or could be placed on a challenged statute." Sult v. State, 906 So.2d 1013, 1022 (Fla.2005)(citing Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)). We do not agree with DuFresne I and Munao, however, that, to withstand an overbreadth challenge to section 827.03(1), we must construe the statute to avoid its application to all speech. If section 827.03(1) can be construed to be applicable only to specifically described unprotected speech, it can withstand an overbreadth challenge.
Although psychological injury is elusive to identify, psychological abuse of children by verbal assault has long been recognized and proscribed. See generally, Sana Loue, Redefining the Emotional and Psychological Abuse and Maltreatment of Children, 26 J. Legal Med. 311 (2005). We can envision limited circumstances in which speech alone could be used to intentionally inflict psychological injury on a child. See, e.g., Matter of Shane T., 115 Misc.2d 161, 164, 453 N.Y.S.2d 590, 593 (N.Y.Fam.Ct.1982)(recognizing that to constitute child abuse, mere words are sufficient provided their injury to the child falls within language of statute). Speech, which causes such mental injury as to constitute child abuse under chapter 39, is not constitutionally protected. See Munao, 31 Fla. L. Weekly at D2270, ___ So.2d at ___; compare U.S. v. Hornaday, 392 F.3d 1306, 1311 (11th Cir.2004) (speech attempting to arrange sexual abuse of children not constitutionally protected).
The rationale employed by the Florida Supreme Court in DuFresne II in analyzing the vagueness challenge to section 827.03(1) may be equally employed in determining the narrow class of speech to which section 827.03(1) can be applied and still withstand an overbreadth constitutional challenge. If in applying section 827.03(1) to speech, courts define the proscribed speech by construing the statute in pari materia with the definitions in chapter 39, constitutional speech will not be implicated. See Doe v. Mortham, 708 So.2d 929, 931 (Fla.1998)(concluding that statutes governing campaign advertising and financing were not constitutionally overbroad because infirmity could be cured by narrowing construction). Thus, speech will constitute proscribed "child abuse" under section 827.03(1)(a) only if it meets the definitions of "[a]buse" and "[m]ental injury" in section 39.01, Florida Statutes (2004). The state will be required to demonstrate that, in pertinent part, the defendant's comments intentionally caused a "discernible and substantial impairment in [the child's] ability to function within [his or her] normal range of performance and behavior." § 39.01(43), Fla. Stat. (2004). As the Supreme Court has noted, under this definition of "mental injury," the state faces a substantial burden because the required injury "will be present only in a limited amount of cases, thereby discouraging arbitrary and discriminatory enforcement." DuFresne II, 826 So.2d at 279. The trial court here was not asked to, nor did it, address the question whether the state's information can withstand challenge on these grounds. Accordingly, we are remanding this cause for further proceedings.
Because this case is being remanded, we briefly address the state's argument that reversal is also required by our decisions in Morris v. State, 789 So.2d 1032, 1036 (Fla. 1st DCA 2001)(en banc), and Smith v. State, 632 So.2d 644 (Fla. 1st DCA 1994). We find the state's reliance on Morris and Smith to be misplaced. These cases did not involve prosecutions under section 827.03. Smith involved a conviction under section 800.04(1), Florida Statutes (Supp. 1990), which proscribed handling, fondling *1231 or assaulting a child under sixteen years old in a lewd, lascivious, or indecent manner. Morris involved section 800.04(4), Florida Statutes (1997), which proscribed knowingly committing a lascivious act in the presence of a child under sixteen.[4] In the case before us, the state has not sought to prosecute appellant under section 800.04.
In Smith, we affirmed two of Smith's convictions for attempted assault under section 800.04(1), because we concluded that the nature of his language and conduct fell within the proscription of section 800.04(1). We found that "[t]he appellant's command to the girls to `give [him] some pussy' demonstrated the specific desire to handle or fondle the girls, and the appellant's act of repeatedly driving back by the girls can properly be viewed as a direct act in furtherance of this specific intent." 632 So.2d at 646. However, at the same time, we reversed two of Smith's convictions based upon his statement "[h]ey, girls, show me your pussy," because "the appellant's request to the girls to expose themselves. . . did not evince the specific intent to handle, fondle, or assault the girls required under subsection (1) [of section 800.04]." Id.
In Morris, we affirmed a conviction under section 800.04(4), based upon the defendant "telling a child that he desired to engage her in oral sex, using language which described this in a graphic manner." Morris, 789 So.2d at 1033. We reasoned that, even though the defendant's act involved only speech, "the statutory reference to a prohibited `act' is commonly understood as encompassing conduct or behavior which involves only verbal statements or speech." Id. Because Morris' comments constituted lewd or lascivious solicitation, see, e.g., section 800.04(6)(a)2, Florida Statutes (2004), however, the factual circumstances of Morris are substantially dissimilar from the case before us. Thus, we find that neither Smith nor Morris offer guidance here.
REVERSED and REMANDED for further proceedings consistent with this opinion; conflict certified with DuFresne I and Munao.
ALLEN and POLSTON, JJ., concur.
NOTES
[1] Because neither this court nor the Supreme Court had taken a position contrary to the decision of the Fourth District Court of Appeal in DuFresne I, that decision was binding on the trial court. Pardo v. State, 596 So.2d 665, 666 (Fla.1992).
[2] While the state has argued that the motion is a "(c)(4)" motion, see Florida Rule of Criminal Procedure 3.190(c)(4), and that it was technically deficient for failure to comply with that rule, we agree with Coleman that his motion can and should be construed as having been brought under rule 3.190(b). Hudson v. State, 745 So.2d 997, 999 (Fla. 2d DCA 1999). See also State v. Globe Communications Corp., 622 So.2d 1066, 1069-70 (Fla. 4th DCA 1993)(accepting the reasoning of the trial court that constitutional challenges can be brought pursuant to rule 3.190(b) rather than rule 3.190(c)(4)).
[3] The difference between the overbreadth and vagueness doctrines was explained succinctly in Chicago v. Morales, 527 U.S. 41, 52, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999), as follows:

First, the overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when "judged in relation to the statute's plainly legitimate sweep." Broadrick v. Oklahoma, 413 U.S. 601, 612-615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Second, even if an enactment does not reach a substantial amount of constitutionally protected conduct, it may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests. Kolender v. Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).
[4] Section 800.04 was substantially revised by chapter 99-201, § 6, at 1187-89, Laws of Florida.