STONE, J.
Baker was convicted of child abuse and battery of a six-year-old. He appeals only as to child abuse. We reverse because the state failed to present any evidence of the mental injury element of the offenses required under section 827.03, Florida Statutes (2005). That statute defines child abuse, in relevant part, as “[a]n intentional act that could reasonably be expected to result in physical or mental injury to a child.” § 827.03(l)(b), Fla. Stat. (2005).
The incident occurred at a party hosted by the child’s grandmother. During the party, Baker picked up the child and took him into the kitchen. Baker, an uninvited guest, was not a relative or otherwise close to the family.
Witnesses saw Baker holding the child and “kissing him on the cheeks and on the top of his head.” The child was kicking and trying to get down from Baker’s arms. The incident occurred over a span of seconds. Testifying for the state, the father explained what he saw:
Q. Was his shirt up or down, the victim’s?
A. It was up.
Q. The shirt was up.
*617 A. Yeah, it was up.
Q. So the kissing—
A. The way he was holding him. I don’t know that he pulled it up, you know. But it was up when I seen it.
Q. Did you see him kiss the child?
A. On the jaw. Right here and here.
[[Image here]]
A. On the right jaw and on the left jaw and on the forehead.
Q. What did he do with your son when you went into the kitchen? What did he do with him?
A. He put him down.
The father also saw Baker rubbing or slowly caressing the child’s stomach. The mother described that she saw Baker take:
my son from the dining room to the kitchen and had him up towards him. At that time, he was — I saw him kiss him on both cheeks, his forehead, and he said Merry Christmas, I love you. And his hand was caressing his back at the first time and then he started caressing his chest. And then I got up and I asked him what was he doing. What was going on, what was he doing with my son.
Asked about the child’s reaction, the mother replied that “[h]e was crying.... Very upset because he didn’t know this man and he was trying to get away from him.”
Defense counsel unsuccessfully moved for judgment of acquittal at the close of the state’s case and again at the close of all evidence.
Recognizing that section 827.03 does not define “mental injury,” the supreme court, in DuFresne v. State, 826 So.2d 272, 278-79 (Fla.2002), held that the definition in section 39.01 could be used, as the two statutes should be read in pari materia. See also Zerbe v. State, 944 So.2d 1189, 1193 (Fla. 4th DCA 2006); State v. Coleman, 937 So.2d 1226 (Fla. 1st DCA 2006) (discussing DuFresne). Section 39.01, in turn, defines “mental injury” as “an injury to the intellectual or psychological capacity of a child as evidenced by a discernable and substantial impairment on the ability to function within the' normal range of performance and behavior.” § 39.01(41), Fla. Stat. (2007).[1]
In Zerbe, 944 So.2d at 1191, this court reversed a denial of a motion for judgment of acquittal on a count of child abuse where a karate instructor repeatedly told an eleven-year-old child to go to the bathroom.[2] The Zerbe court found no evidence of two prima facie elements of the charge: (1) that the acts were done intentionally, or (2) could reasonably be expected to cause mental injury. Id. at 1193.
In an analogous circumstance, in K.R. v. Department of Children and Families, 784 So.2d 594 (Fla. 4th DCA 2001), a dependency case, this court considered whether arguments between the parents were sufficient to constitute “neglect.” Id. at 598.
Addressing the parents, the trial court declared:
This atmosphere between the two of you, this dislike, this animosity, this resentment ... is something that can’t help but be reflected back to the child. *618 It can’t help but be reflected.... And consequently I find that the child’s mental and emotional health can be significantly impaired because of this atmosphere around you.
Id. at 596. This court disagreed: “[N]ot only was there no evidence that the child’s mental or emotional health was presently impaired, there was no testimony that there was a danger of significant impairment to the child’s mental or emotional health, and no witness qualified to give such an opinion testified.” Id.
Outlining the statutory framework, this court, in K.R., explained that neglect requires evidence of risk for significant impairment.
An impairment is an injury, and the statute defines “mental injury” as “an injury to the intellectual or psychological capacity of a child as evidenced by a discernable and substantial impairment in the ability to function within the normal range of performance and behavior.” § 39.01(44), Fla. Stat. (1999). There was no evidence in this case of any psychological problems that the child was experiencing or any deviation from the normal range of performance and behavior.
Id. at 598. Thus, finding no evidence of current injury to the child’s mental health, as defined in chapter 39, this court implicitly ruled that there was no evidence of a risk of significant injury.
Here, the trial court concluded that Baker’s conduct could reasonably be expected to result in mental injury to the child. We phrase the issue, more specifically, as whether Baker’s intentional acts could reasonably be expected to result in an injury to the intellectual or psychological capacity of the child, as evidenced by a discernable and substantial impairment in the ability to function within the normal range of performance and behavior. § 39.01(41), Fla. Stat.
The evidence at trial does not reflect any psychological examination or even an interview of the child. Therefore, the record lacks competent substantial evidence in support of the mental injury element.
We are not unmindful of the trial court’s common sense reaction to the testimony. Explaining its ruling, the court said:
I think it is reasonable to expect a child to suffer emotional consequences, emotional problems, experiencing a stranger pick him up in the circumstances of this case. There was the kiss on the cheeks and the kiss on the forehead. Standing alone, that would be disturbing coming from a compete [sic] stranger, but probably not come under this criminal statute. But it was also the picking up the child and moving away from the parents and the grandmother. That alone would not perhaps support it here. Then there was the caressing massage on the front and the back of the child, which alone perhaps would not support it. But when you combined all of those factors together, I think it’s very clear that you are creating a situation that reasonably would and most probably would, almost certainly would create emotional problems for that child, adverse emotional consequences, which I interpret to come under mental injury.
The record, however, does not establish that the child has suffered an injury that rises to the level of significant impairment or mental injury, as defined in section 39.01.
The legislature did not define mental injury as emotional consequences or problems, but specifically identified mental injury as “injury to the intellectual or psychological capacity of a child,” that is confirmed by a “discernable and substan *619 tial impairment in the ability to function within the normal range of performance and behavior.” § 39.01(41), Fla. Stat.
The state’s simple argument in this case that it proved the element of a reasonable expectation of mental injury because the child was “[o]ld enough to be unable to forget” the incident falls short of proving an expectation of an injury to intellectual or psychological capacity, as would be evidenced by a discernable and substantial impairment in the ability to function.
As no evidence was presented on how Baker’s conduct could reasonably be expected to result in mental injury, as defined in chapter 39, the state failed to prove a prima facie case of - felony child abuse.
Therefore, we reverse the judgment and remand for modification accordingly.
WARNER and FARMER, JJ., concur.

. This year, the legislature passed bills to amend section 827.03 to include the definition of mental injury that is currently found in chapter 39. See H.R. 103, 2008, 110th Reg. Sess. (Fla. 2008); S. 1280, 2008, 110th Reg. Sess. (Fla. 2008) (providing the effective date of July 1, 2008).

. Zerbe was also convicted of separate acts of lewd and lascivious molestation of the same child.