SHEPHERD, J.
Milvio Coiscou appeals his conviction of attempted second-degree murder after he shot the victim in the eye with a BB gun, thinking the safety was on.
The State charged Coiscou with attempted first-degree murder with a deadly weapon. The trial court instructed the jury on attempted premeditated murder, and the lesser-included offenses of attempted second-degree murder and attempted voluntary manslaughter by act. The attempted voluntary manslaughter charge given by the trial court was the then existing standard:
Milvio A. Coiscou committed an act or procured the commission of an act, which was intended to cause the death of O.F. (A Minor), and would have resulted in the death of O.F. (A Minor), except that someone prevented Milvio A. Coiscou from killing O.F. (A Minor) or he failed to do so.
See Fla. Std. Jury Instr. (Crim.) 7.7 (2007) (emphasis added).
Subsequent to the trial of this case, the Florida Supreme Court disapproved that portion of the instruction which requires the State to prove the defendant committed an act “which was intended to cause the death” of the victim. State v. Montgomery, 39 So.3d 252, 257 (Fla.2010) (“[T]he relevant intent is the intent to commit an act which caused the death, ... not ... that the defendant intended to kill the victim.”); see also In re Amends. to Std. Jury Instrs. in Crim. Cases—Instr. 7.7, 41 So.3d 853 (Fla.2010) (simultaneously amending standard jury instruction 7.7 on an interim basis, striking the language requiring an intent to kill). Of course, the trial court did not have the benefit of Montgomery at the time of trial. Although the defendant did not object to the giving of this jury charge in the trial court, the State properly concedes that because the offense for which the defendant was adjudged by the jury was only one-step removed from the necessarily included offense of manslaughter, the error is per se reversible. See Montgomery, 39 So.3d at 259 (citing Pena v. State, 901 So.2d 781 (Fla.2005)).
We note this Court, in Valdes-Pino v. State, 23 So.3d 871 (Fla. 3d DCA 2009), certified decisional conflict with the First District Court of Appeal’s opinion in Montgomery v. State, — So.3d —, 2009 WL 350624 (Fla. 1st DCA 2009). In light of the Florida Supreme Court’s approval of Montgomery, we conclude Valdes-Pino is no longer controlling precedent in this District.
Reversed and remanded for a new trial.