ROTHENBERG, J.
 

 The defendant, Terry Lee Burrows, appeals from convictions and sentences for the attempted second-degree murder of Lisa Bynum (“Bynum” or “J.E.’s mother”) and the child abuse of J.E. We reverse the defendant’s conviction for attempted second-degree murder, but affirm his conviction and sentence for child abuse.
 

 The defendant was charged with the attempted first-degree murder of Bynum (Count 1), and the child abuse of J.E. in violation of section 827.03(l)(b), Florida Statutes (2008) (Count 2). At trial, the evidence demonstrated as follows. After Bynum and the defendant argued, Bynum went into her bedroom and got into bed with two of her children who were sleeping. The defendant entered the bedroom and punched Bynum in the face, and she began to scream. As Bynum screamed, the defendant continued to punch her.
 
 *1259
 
 Bynum’s son, J.E., who was then nine years old and awake, pleaded with the defendant to stop. The defendant ignored J.E.’s plea, and in J.E.’s presence, stabbed Bynum multiple times. Bynum, who was eventually able to escape, ran to a neighbor’s house, and J.E. ran outside crying and screaming. Bynum’s teenage daughter, who was outside when the incident occurred, then ran inside to get her youngest brother who was still sleeping.
 

 The defense moved for a judgment of acquittal as to the child abuse charge, which the trial court denied. Without objection, the trial court instructed the jury as to the charged offense of attempted first-degree murder, and the lesser included offenses of attempted second-degree murder and attempted manslaughter by act. As to attempted second-degree murder, the jury was instructed that the State was required to prove the defendant “intentionally committed an act which would have resulted in the death of Lisa Bynum except that someone prevented [the defendant] from killing Lisa Bynum or he failed to do so.” As to attempted voluntary manslaughter, the trial court, without objection, instructed the jury in pertinent part as follows:
 

 To prove the crime of attempted voluntary manslaughter, as a lesser included offense of Count 1, the State must prove the following elements beyond a reasonable doubt:
 

 Terry Burrows committed an act which was intended to cause the death of Lisa Bynum and would have resulted in the death of Lisa Bynum except that someone prevented Terry Burrows from killing Lisa Bynum or he failed to do so.
 

 [[Image here]]
 

 In order to convict of attempted voluntary manslaughter it is not necessary for the State to prove that the defendant had a premeditated intent to cause death?
 

 The jury found the defendant guilty of attempted second-degree murder and child abuse. This appeal followed.
 

 The defendant contends the trial court fundamentally erred by giving the standard jury instruction for attempted manslaughter by act, which erroneously required the jury to find that the defendant “committed an act which was intended to cause the death” of the victim. Based on this Court’s decisions in
 
 Bass v. State,
 
 45 So.3d 970 (Fla. 3d DCA 2010), and
 
 Coiscou v. State,
 
 43 So.3d 123 (Fla. 3d DCA 2010), we agree and, therefore, reverse the defendant’s conviction and sentence for attempted second-degree murder and remand for a new trial on that charge. However, we certify direct conflict with the Fourth District’s decision in
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010), which holds that the instruction does not constitute fundamental error.
 

 Next, the defendant contends the trial court erred by denying his motion for judgment of acquittal as to the child abuse charge, arguing that the State failed to present any evidence regarding the “mental injury” element of the offense. In support of his argument, the defendant relies on (1) the lack of testimony reflecting that J.E. suffered an
 
 actual
 
 mental injury as a result of witnessing his mother being brutally attacked by the defendant, and (2) J.E.’s older sister’s testimony reflecting that J.E. is a “normal boy” who is doing well in school. We reject the defendant’s contention.
 

 The defendant was charged with child abuse pursuant to section 827.03(l)(b), which provides in relevant part: “(1) ‘Child abuse’ means: ... (b) An intentional act that
 
 could reasonably
 
 be expected to result in physical or
 
 mental injury
 
 to a
 
 *1260
 
 child.... ” (Emphasis added). Although section 827.03 does not define the term “mental injury,” in
 
 DuFresne v. State,
 
 826 So.2d 272, 278-79 (Fla.2002), the Florida Supreme Court held that the statute “is not unconstitutionally vague because the term ‘mental injury’ is adequately defined in another related statute” — Chapter 39, which is titled “Proceedings Relating to Children.” Section 39.01(42), Florida Statutes (2008), defines “mental injury” as “an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability to function within the normal range of performance and behavior.”
 

 First, we note that the defendant now argues that the State failed to introduce the very evidence he successfully had excluded. During trial, defense counsel objected when the State asked J.E.’s mother whether J.E. had gone to counseling, and the trial court sustained the objection. Second, the defendant’s argument is erroneous as a matter of law. Pursuant to section 827.03(l)(b), the State was not required to prove actual mental injury to J.E., but only that the defendant’s intentional act
 
 “could reasonably
 
 be expected to result in ... mental injury” to J.E. (emphasis added);
 
 see Zerbe v. State,
 
 944 So.2d 1189, 1193 (Fla. 4th DCA 2006) (“The offense of child abuse under subsection (b) [of section 827.03(1) ] does not require proof of actual injury; rather, the offense includes any act that is done intentionally that could reasonably be expected to cause mental injury.”);
 
 Clines v. State,
 
 765 So.2d 947, 948 (Fla. 5th DCA 2000) (“As amended, the statutory offense of child abuse is no longer limited to actual physical or mental injury inflicted on a child. It now includes ‘any intentional act that could reasonably be expected to result in physical or mental injury to a child.’ ”).
 

 Here, it is undisputed that J.E. witnessed his mother being punched by the defendant, and when he pleaded with the defendant to stop, the defendant continued to attack J.E.’s mother by stabbing her multiple times with a knife. Following the bloody attack, which J.E. fully witnessed, J.E. ran out of the house crying and screaming. Based on this evidence, there is no doubt that the State proved that the defendant’s intentional act “could reasonably be expected to result in mental injury” to J.E.
 
 Cf. Baker v. State,
 
 980 So.2d 616, 616-19 (Fla. 4th DCA 2008) (reversing denial of judgment of acquittal on charge of child abuse filed under section 827.03(l)(b), where evidence showed that Baker rubbed child’s stomach; kissed child on cheeks, jaw, and forehead; and during incident, the child was crying and upset because he did not know Baker). The fact that J.E.’s sister testified that J.E. is presently doing well in school is not dispositive. Doing well in school does not negate the finding that the acts J.E. witnessed — his mother being punched and then stabbed multiple times while he lay next to her—
 
 could reasonably
 
 be expected to result in mental injury regardless of when the manifestations of the injury become apparent. Accordingly, we affirm the trial court’s denial of the defendant’s motion for judgment of acquittal as to child abuse.
 

 Affirmed in part; reversed in part and remanded for a new trial; conflict certified.