PER CURIAM.
We reconsider on remand our opinion in Valdes-Pino v. State, 23 So.3d 871 (Fla. 3d DCA 2009), which was quashed by the Supreme Court of Florida following its decision in Valdes-Pino v. State, 75 So.3d 235 (Fla.2011). Pursuant to the Supreme Court’s mandate we reverse the defendant’s conviction and remand for a new trial.
The defendant was charged in 2005 with second-degree murder. At trial, the jury was given the same faulty, pre-2008-amendment manslaughter instruction that the Florida Supreme Court held to be fundamental error in State v. Montgomery, 39 So.3d 252 (Fla.2010). The jury found the defendant guilty as charged.
The defendant’s appeal from that conviction was before this Court, in the pipeline, when the First District Court of Appeal decided Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), affirmed, 39 So.3d 252 (Fla.2010). The assistant public defender filed an amended brief to address that issue. This Court affirmed the conviction, 23 So.3d 871, but certified conflict with Montgomery. On review of the decision, the Florida Supreme Court reversed and remanded. 75 So.3d 235.
Following review of the assistant public defender and assistant state attorney’s briefs on the applicability of Montgomery, 75 So.3d 235, to this case, we hold that the defendant is entitled to a new trial. Here, as in Montgomery, the defendant’s second-degree murder conviction is only one step removed from the necessarily lesser-included offense of manslaughter. Because of that, “fundamental error occurred in his case which was per se reversible where the manslaughter instruction erroneously imposed upon the jury a requirement to find that [the defendant] intended to kill [the victim].” Montgomery, 39 So.3d at 259.
Based on this conclusion, we reverse the second-degree murder conviction, vacate the sentence and remand for a new trial. See Coiscou v. State, 43 So.3d 123 (Fla. 3d DCA 2010).
Reversed and remanded for a new trial.